THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:07-CR-142-FL
NO. 7:09-CV-144-FL

| | |
|---|---|
| JERALD L. WHITLEY,            ) | |
|                                                 ) | |
|          Petitioner,                     ) | |
|                                                 ) | |
| vs.                                            ) | **MEMORANDUM AND** |
|                                                 ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
|                                                 ) | |
|          Respondent.                   ) | |
| _____ ) | |

This cause comes before the Court upon the Government's Motion for Summary Judgment[1] (DE-58) on Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE-51). Petitioner has responded (DE-64), and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion for Summary Judgment (DE-58) be GRANTED, and that Petitioner's Motion to Vacate (DE-51) be DENIED.

**I. Background**

On December 20, 2007, Petitioner was charged in an eight-count indictment (DE-1).

---

[1] The Government styles its motion as a motion to dismiss. Because both parties have attached affidavits to their memoranda, the Court will treat this motion as a motion for summary judgment. *See* Fed. R. Civ. P 12(d) "[i]f, on a motion . . . [to dismiss] . . . matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment.")

Pursuant to a written agreement, Petitioner pled guilty to Count 1 (Conspiracy to Possess with the Intent to Distribute more than 500 grams of Cocaine in violation of 21 U.S.C. ' 846) and Count 8 (Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. ' 924(c)(1)(A)) on April 7, 2008 (DE's 34 & 36). The written plea agreement stated in pertinent part:

> . . . This Memorandum constitutes the full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein. . . .
> . . .The Defendant agrees . . . [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law . . .
> . . .To knowingly and expressly waive any and all rights, under the Fifth and Sixth Amendments to the United States Constitution and any cases interpreting them, to have the existence and applicability of any prior convictions (1) charged in the indictment, (2) submitted to a jury, and (3) proved beyond a reasonable doubt. The defendant hereby consents to having the existence and applicability of any such convictions decided by the sentencing judge based on a preponderance of the evidence. The defendant reserves the right to contest at sentencing the existence of any such prior conviction and whether such conviction qualifies to increase the statutory minimum and maximum sentence, but consents to the resolution of any such objection by the sentencing judge using a preponderance-of the-evidence standard . . . (DE-36).

Petitioner was sentenced to a term of imprisonment of 153 months on September 15, 2008 (DE-47). The instant Motion to Vacate was filed on September 8, 2009 (DE-51). In his Motion to Vacate, Petitioner claims he received ineffective assistance because his trial counsel failed to: 1) object to the miscalculation of Petitioner's criminal history category, 2) object to the use of relevant conduct before April 2006, and 3) request a sentence variance based on the disparity in sentences for crack and powder cocaine (DE-51, pg. 13, 16-18).

## II. Legal Standards

### A. 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 requires a petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."

"In a §2255 proceeding, the burden is on the petitioner to prove his allegations by a preponderance of the evidence, not on the government to disprove them." Abdul-Aziz v. United States, 2008 WL 4238943, *5 (N.D.W.Va. Spt. 12, 2008) (unpublished decision) (*citing* Sutton v. United States v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006) (unpublished decision)); see also, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (stating that during a "proceeding under 28 U.S.C. § 2255 . . . the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . .").

3

Case 7:07-cr-00142-FL   Document 66   Filed 03/24/10   Page 3 of 9

**B. Summary Judgment**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted:

> against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.
> Celotex Corporation v. Catrett, 477 U.S.317, 322-323 (1986)

"[S]ummary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 317; Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Specifically, the moving party bears the burden of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" that the moving party believes demonstrate an absence of any genuine issues of material fact. Celotex, 477 U.S. at 323. Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue which requires trial. Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). As a general rule, the non-movant must respond to a motion for summary judgment with affidavits, or other verified evidence, rather than relying on his complaint or other pleadings. Celotex, 477 U.S. at 324. *See also*,

4

Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

In the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. Anderson, 477 U.S. at 255. It is well-established that any analysis of the propriety of summary judgment must focus on both the materiality and genuineness of the fact issues. Ross, 759 F.2d at 364. The mere existence of some alleged factual dispute between the parties will not defeat a motion for summary judgment. Anderson, 477 U.S. at 247-48. A fact is material only when its resolution affects the outcome of the case. Id. at 248. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

### C. Effect of Petitioner's Guilty Plea

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings " carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In Tollett, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court held that, "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and

5

the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." Id. at 266-67. Thus, in a collateral attack, petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. Id.

**D. Ineffective Assistance of Counsel**

Petitioner contends that he received ineffective assistance of counsel. To prevail on his claims of ineffective assistance, petitioner must satisfy two well-established requirements. First, he "must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). *See also* Satcher v. Pruitt, 126 F.3d 561, 572 (4th Cir. 1997), *cert. denied* 522 U.S. 1010 (1997). Review of counsel's performance in this regard is highly differential. Strickland, 466 U.S. at 689. Second, petitioner must also demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. *See also* Satcher, 126 F.3d at 57.

**III. Analysis**

As an initial matter, the undersigned notes that Petitioner has failed to allege any fact which would challenge the voluntary and intelligent character of his guilty plea. Although Petitioner asserts that counsel "told [him] that statements [he] made before April 2006 were not going to be used against [him]", this statement directly contradicts his written affirmation that the plea agreement constituted "the full and complete record of the Plea Agreement" and that "[t]here . . .[were] no other agreements between the parties"(DE-36).

6

Petitioner's first and second claims for relief are clearly refuted by referring to the record in this matter. He first asserts that counsel was ineffective for failing to object to the miscalculation of Petitioner's criminal history category. However, counsel clearly did object to the alleged miscalculation of Petitioner's criminal history category. Specifically, this objection was raised in a Sentencing Memorandum dated August 14, 2008, and in the Addendum to Presentence Investigation Report (DE 43-3, pg. 5-6; DE 59-2). Likewise, counsel also objected object to the use of relevant conduct before April 2006 (DE 43-3, pg. 5; DE 59-2). These objections were not only lodged in counsel's Sentencing Memorandum, but were also raised at Petitioner's sentencing hearing (DE-50, pg. 5-7).

Finally, Petitioner asserts that counsel was ineffective for failing to request a sentence variance based on the disparity in sentences for crack and powder cocaine. With regard to this claim, counsel states the following:

> With respect to [Petitioner's] third contention that counsel failed to request a sentence variance based on the disparity for crack and powder cocaine, prior the sentencing hearing, I advised [Petitioner] that based on the May 2008 Amendment to the United States Sentencing Guidelines that the base offense calculated in the Presentence Investigation Report was correct. I further advised [Petitioner] that the United States Probation Office had taken into consideration through the aforementioned amendment the disparity between crack cocaine an powder cocaine by reducing his base offense level by two levels pursuant to 201.1 Application note 10(D) of the United States Sentencing Guidelines. As such, I did not deem a variance in this area appropriate. Moreover, the United States Government, through counsel, filed a Motion For Downward Departure based on substantial assistance . . .[DE-41] . . . which was

7

> granted by the Court by Oral Order on September 15,
> 2008 [DE's 47-48) as indicated in its judgment.
> (DE 59-2).

In short, counsel used sound judgment in not requesting a sentence variance in light of the existence of the correct base offense calculation in the Presentence Investigation Report, the U.S. Probation Office's reduction of Petitioner's base offense level, and the Court's granting of a Motion for Downward Departure. *See* Galvez-Del v. United States, 2009 WL 4738076 (D. Md., December 4, 2009)(no ineffective assistance of counsel simply because counsel failed to used the sentence reducing tactic preferred by Petitioner/Defendant). This is especially so in light of the fact that courts must be highly deferential to strategic choices made by trial counsel. *See* Strickland v. Washington, 466 U.S. 668, 689 (1984). Thus, Petitioner cannot show that counsel efforts fell below an objective standard of reasonableness, nor has Petitioner established that, but for any alleged unprofessional errors, he would not have pled guilty.

## IV. Conclusion

Based on the foregoing analysis, it is HEREBY RECOMMENDED that the Government's Motion for Summary Judgment (DE-58) be GRANTED, and that Petitioner's Motion to Vacate (DE-51) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 24th day of March 2010.

_____
William A. Webb
U.S. Magistrate Judge