IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:07-CR-142-FL
NO. 7:09-CV-144-FL

| | | |
|---|---|---|
| JERALD LOUIS WHITLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE # 51), and respondent's motion to dismiss, or in the alternative, for summary judgment (DE # 58). Also before the court is petitioner's motion for production of documents (DE # 61). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") (DE # 66), in which he recommends that respondent's motion for summary judgment be granted and petitioner's § 2255 motion be denied. Petitioner timely filed objections to M&R. In this posture, the matter is ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and grants summary judgment to respondent.

## STATEMENT OF THE CASE

On April 7, 2008, petitioner entered a plea of guilty, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute more than five hundred (500) grams of cocaine in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime

in violation of 18 U.S.C. § 924(c)(1)(A). On September 15, 2008, the court sentenced petitioner to one hundred fifty-three (153) months of imprisonment.

Petitioner filed his § 2255 petition on September 8, 2009, asserting that he received ineffective assistance of counsel. In particular, petitioner asserts that his counsel failed to (1) object to the miscalculation of his criminal history category; (2) object to the use of relevant conduct before April 2006; and (3) request a sentence variance based upon the disparity in sentences for crack and powder cocaine. Respondent, in its motion for summary judgment filed January 20, 2010, argues that petitioner's claims are without merit. Petitioner timely responded to the motion for summary judgment, and also filed a motion for production of documents.

On March 24, 2010, the magistrate judge issued his M&R, finding petitioner's claims to be without merit. The magistrate judge found that petitioner's counsel did in fact object to the alleged miscalculation of petitioner's criminal history category, and also objected to the use of relevant conduct before April 2006. The magistrate judge noted that these objections were not only lodged in counsel's sentencing memorandum, but were also raised at the sentencing hearing. Finally, the magistrate judge concluded that it was not ineffective for counsel not to make a strategic choice not to request a sentencing variance based on the sentencing disparity between crack and powder cocaine where petitioner's sentence was already lowered by two levels to take this disparity into account and where petitioner was the beneficiary of a downward departure motion filed by the government.

On April 9, 2010, petitioner filed an objection to the M&R. He argues that although his counsel raised an objection to the calculation of petitioner's criminal history in a sentencing memo and in the presentence investigation report ("PSR"), he did not renew this objection during the sentencing hearing. Petitioner also argues that, although his counsel objected to the use of relevant

2

conduct before April 2006, he made the "wrong" argument by failing to cite the plea agreement. Finally, petitioner maintains that his counsel should have made an argument for a reduced crack cocaine sentence under Kimbrough v. United States, 552 U.S. 85 (2007), regardless of whether petitioner also received a downward departure and a two-level reduction under the Guidelines.

## DISCUSSION

A.  Motion for Production of Documents

Petitioner filed a motion for production of documents, requesting that respondent provide him with a copy of the sentencing memorandum prepared by counsel. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "A judge may, for good cause, authorize a party to conduct discovery." Rule 6(a) of the Rules Governing § 2255 Cases. "A party requesting discovery must provide reasons for the request." Id., Rule 6(b).

Here, petitioner states that he needs a copy of the sentencing memorandum to effectively respond to respondent's motion to dismiss. But the aspects of that memorandum relied upon by respondent in seeking summary judgment were incorporated into petitioner's PSR. Petitioner's § 2255 motion indicates great familiarity with the PSR, including citations to specific paragraphs, and he has not shown that the sentencing memorandum would be of any additional benefit. Accordingly, the court concludes that petitioner has not established good cause for the discovery material he requests, and his motion for production is DENIED.

B.  Motion for Summary Judgment

Respondent attached matters that are outside of the pleadings to its motion. The court has elected to rely on these materials, and will construe respondent's motion as one for summary

3

judgment. See Fed. R. Civ. P. 12(d). Petitioner was notified by the clerk that the court might treat respondent's motion as one seeking summary judgment and was informed of the need to respond with affidavits or other admissible materials via letter memorialized at docket entry 60. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam).

1.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2.   Analysis

In his § 2255 motion, petitioner contends that his counsel was ineffective.[1] To sustain this claim, petitioner must demonstrate that (1) his counsel's performance was deficient and (2) that deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The first prong is met only where counsel's performance falls "below an objective standard of

---

[1] Petitioner's motion to vacate comes before the court pursuant to 28 U.S.C. § 2255, which requires a petitioner asserting constitutional error to prove that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

4

reasonableness." Id. at 688. "Review of counsel's performance is 'highly deferential[,]'" and the court operates under the "strong presumption that [counsel's] performance was within the extremely wide range of professionally competent assistance." Baker v. Corcoran, 220 F.3d 276, 293 (4th Cir. 2000) (citation omitted). The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. To demonstrate prejudice at sentencing, petitioner must show a reasonable probability that he would have received a more lenient sentence if not for counsel's errors. See Glover v. United States, 531 U.S. 198, 202-04 (2001); United States v. Russell, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished).

Before turning to petitioner's arguments regarding counsel's alleged ineffectiveness, the court notes that it already has before it the magistrate judge's thoughtful analysis. The court reviews *de novo* those aspects of the M&R to which a party has filed objections. 28 U.S.C. § 636(b)(1)(C). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

    a.    Failure to Object to Relevant Conduct

Petitioner asserts that his counsel was ineffective because his counsel failed to object to the inclusion, as relevant conduct, of statements he made to North Carolina state law enforcement officers, regarding conduct beginning in 1998 and continuing through December 7, 2006. The magistrate judge recommends denying relief for this claim, stating that petitioner's counsel clearly objected to the use of petitioner's statements regarding conduct from 1998 through December 7, 2006 as relevant conduct at petitioner's sentencing. The magistrate judge noted that petitioner's

5

counsel raised this objection in petitioner's sentencing memorandum and in the addendum to petitioner's PSR. The transcript from petitioner's sentencing hearing reflects that petitioner's counsel also raised the above-stated objection at hearing, and that the court overruled it.

In his objection to the M&R, petitioner concedes that his counsel objected to the disputed relevant conduct, but argues that he did so on incorrect grounds. He argues that his counsel should have objected to the disputed statements on legal grounds pursuant to his plea agreement, rather than on equitable grounds. According to petitioner, the plea agreement limits relevant conduct to that which occurred between April 2006 and December 7, 2006. In support of his claim, petitioner notes that his plea agreement specified that "the defendant knowingly conspired with others to distribute more than five hundred (500) grams of cocaine from a date no later than April 2006 and continuing until December 7, 2006." (Plea Agmt. [DE # 36] at 3.)

Petitioner's argument relies on an incorrect reading of the plea agreement as well as a mistaken understanding of the court's role in sentencing. The plea agreement in this case, like the indictment, states that the drug conspiracy with which petitioner was involved began "no later than April 2006." In other words, it began either on *or before* that date. Petitioner's unprotected statements are consistent with that time frame. And even if the plea agreement did act to limit the government's argument to dates beyond April 2006, a sentencing court may consider any relevant and reliable information, and is not bound by a stipulation contained in the plea agreement. See U.S.S.G. § 6A1.3(a).

Because petitioner's argument cannot be squared with the indictment, the plea agreement, or the court's discretion at sentencing, his counsel did not error in failing to raise the particular objection offered by petitioner here. The court finds that petitioner has not demonstrated that his

6

counsel's performance was deficient or that the deficient performance prejudiced him. Thus, petitioner's ineffective assistance of counsel claim based upon his counsel's failure to object to the inclusion of petitioner's statements regarding conduct from 1998 through December 7, 2006 as relevant conduct is without merit, and the court denies this claim.

    b.  Failure to Object to Criminal History Calculation

Petitioner argues his counsel was ineffective for failing to object at his sentencing hearing to the calculation of his criminal history score. The magistrate judge, after reviewing counsel's sentencing memorandum and the PSR, concluded that petitioner's counsel had in fact objected to the calculation of petitioner's criminal history score. In his objection to the M&R, petitioner concedes that his counsel made these objections in the sentencing memorandum and the PSR, but argues that he should have renewed the objection as the sentencing hearing.

Petitioner's assertion that his counsel did not renew his objection to the criminal history calculation at sentencing is not supported by the record. As before, counsel's objection was premised on an understanding of an offense of conviction which began in April 2006 and concluded on December 7, 2006. At sentencing hearing, the court asked counsel if he wished to be heard on all of the objections, to which counsel stated that "with respect to the objections, they go back to relevant conduct . . . ." (Hr'g Tr. [DE # 50] at 5:11-12.) In other words, counsel was heard not only as to petitioner's base offense level, but also the calculation of his criminal history points based on a disputed understanding of the relevant conduct.

Petitioner also has failed to show that the court incorrectly calculated his criminal history, as would be necessary to show any prejudice. Specifically, petitioner argues that his counsel should have objected to the inclusion in the calculation of his criminal history score of the convictions from

7

paragraphs eighteen (18), twenty (20), and twenty-eight (28) of his PSR because these convictions were used as relevant conduct. Petitioner's PSR indicates that these convictions were not in fact scored, due to application of U.S.S.G. § 4A1.1(c).[2] As such, the court cannot discern any additional benefit in sentencing that petitioner could have received had counsel made the objection petitioner now identifies.

Petitioner also asserts that his counsel should have objected to the use of his November 4, 1996 conviction for driving after consuming alcohol under age 21 and his June 11, 1997 conviction for simple affray to calculate his criminal history score, arguing that they were imposed more than five years prior to the commission of the instant offense. See U.S.S.G. § 4A1.2(d). Again, however, petitioner's argument misunderstands the scope of the conspiracy charged in the indictment and included as relevant conduct. See U.S.S.G. § 4A1.2, n.8; United States v. Robinson, 337 F. App'x 360, 2009 WL 1921436, (4th Cir. July 6, 2009) (unpublished) ("'Commencement of the instant offense' means the point at which the defendant first engaged in conduct that would qualify as 'relevant conduct.'").

Based upon the foregoing, the court finds that petitioner's ineffective assistance of counsel claim related to his criminal history calculation is also without merit.

    c.    Failure to Seek a Variance Under Kimbrough

In his final ineffective assistance of counsel claim, petitioner argues that his counsel was ineffective because he failed to request a variance based upon the disparity in sentences for crack and

---

[2] A maximum of four points may be counted towards establishing a defendant's criminal history category under § 4A1.1(c). Petitioner had eight convictions which would have been scored pursuant to 4A1.1(c), but only four went toward establishing his criminal history category. It does not matter which four were scored (the probation office simply counted them all and then decreased the resulting subtotal), because petitioner challenges only three of the convictions which were or could have been scored under § 4A1.1(c).

8

powder cocaine. In recommending the court deny petitioner relief on this claim, the magistrate judge relied upon the following statements made by petitioner's counsel:

> With respect to [petitioner's] third contention that counsel failed to request a sentence variance based on the disparity for crack and powder cocaine, prior the sentencing hearing, I advised [petitioner] that based on the May 2008 Amendment to the United States Sentencing Guidelines that the base offense calculated in the [PSR] was correct. I further advised [petitioner] that United States Probation Office had taken into consideration through the aforementioned amendment the disparity between crack cocaine an powder cocaine by reducing his base offense level by two levels pursuant to 201.1 Application note 10(D) of the United States Sentencing Guidelines. As such, I did not deem a variance in this area appropriate. Moreover, the United States Government, through counsel, filed a Motion for Downward Departure based on substantial assistance . . . which was granted by the Court by Oral Order on September 15, 2008 as indicated in its judgment.

(Taylor Aff., Resp.'s Mot. for Summ. J., Ex. A. [DE # 65-1] at 1-2). Based upon these statements, the magistrate judge reasoned that counsel used sound judgment in not requesting a sentence variance in light of the existence of the correct base offense calculation in the PSR, the United States Probation Office's reduction of petitioner's base offense level, and the court's granting of a motion for a downward departure.

Petitioner notes that none of the facts cited by the magistrate judge precluded counsel from moving for a Kimbrough variance.[3] Although this is true, counsel's decision not to seek a variant sentence based on the disparity between crack and powder cocaine was a strategic decision, based in part on a desire to maximum the downward departure granted to defendant by the government's motion, that is "virtually unchallengeable." Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009)

---

[3] In Kimbrough, the Supreme Court held that "the offense levels established in the crack cocaine Guidelines, like the Guidelines generally, are not binding." See United States v. Herder, 594 F.3d 352, 362 (4th Cir. 2010).

9

(quoting Strickland, 466 U.S. at 690). Nothing in Kimbrough, or in any other case this court is aware of, requires counsel to make a downward variance request in every crack cocaine case where, in their professional judgment, it would not be beneficial.

Additionally, petitioner has not shown that if counsel had requested a variance based upon the disparity between crack and powder cocaine, there is a "'reasonable probability' that the result would have been different." Wong v. Belmontes, 130 S.Ct. 383, 390-91 (2009) (quoting Strickland, 466 U.S. at 694). At sentencing, the court noted that "the guidelines are advisory" and offered an individualized assessment of the § 3553(a) factors. (Hr'g Tr. [DE # 50] at 12:16-17, 15:16-16:4.) As such, petitioner has failed to show both objectively unreasonable conduct by his counsel and any prejudice caused thereby by failing explicitly to invoke Kimbrough. See, e.g., Boney v. United States, 2010 WL 3155163, at *4 (E.D.N.C. Aug. 4, 2010) (unpublished). Based upon the foregoing, the court concludes that petitioner's final claim is also without merit.

Having found each of petitioner's § 2255 claims to be without merit, the court GRANTS respondent's motion for summary judgment and DENIES petitioner's motion to vacate.

C.   Certificate of Appealability

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by

10

the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner's claims fail to meet the requirements for a certificate of appealability. The court has properly denied petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional right. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, and after a *de novo* review of those portions of the M&R to which objections were filed, the court ADOPTS as its own the magistrate judge's recommendation (DE # 66). Respondent's motion for summary judgment (DE # 58) is GRANTED, and petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 51) is DENIED. The court also DENIES petitioner's motion for production of documents (DE # 61) and the certificate of appealability. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of May, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge