IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-00142-FL-1
No. 7:14-CV-00069-FL

| | | |
|---|---|---|
| JERALD LOUIS WHITLEY, | ) | |
| | ) | |
| Petitioner, | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on the motion of Jerald Louis Whitley ("Petitioner") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-91] and the Government's motion to dismiss [DE-95]. Petitioner filed a response in opposition to the Government's motion [DE-100], and the motions are now ripe for review. The motions were referred to the undersigned and are considered here as a recommendation to the district court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the Government's motion to dismiss [DE-95] be allowed and Petitioner's motion [DE-91] be denied.

## I. BACKGROUND

On April 7, 2008, Petitioner pleaded guilty, pursuant to a written plea agreement, to the charges of conspiracy to possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846 (Count One) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Eight). [DE-34, -36]. As part of the plea agreement Petitioner agreed, *inter alia*, to

> waive knowingly and expressly all rights . . . reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any

post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Mem. of Plea Agreement [DE-36] ¶ 2.c. On September 15, 2008, Petitioner was sentenced on Count One to 93 months' imprisonment and on Count Eight to a consecutive 60 months' imprisonment, the statutory minimum, producing a total term of 153 months' imprisonment, and judgment was entered on September 16, 2008. [DE-46, -47]. Petitioner did not appeal his conviction or sentence. On September 8, 2009, Petitioner filed his first § 2255 motion, asserting that his counsel was ineffective at sentencing [DE-51], which the court denied on the merits [DE-69]. Petitioner did not appeal the court's decision.

On July 23, 2013, with the assistance of court-appointed counsel, Petitioner filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines ("U.S.S.G.") § 1B1.10(c) based on the 2012 retroactive amendments to the crack cocaine guidelines, which the court allowed and reduced Petitioner's sentence on Count One from 93 to 77 months' imprisonment. [DE-84, -87]. On April 8, 2014, Petitioner filed the instant § 2255 motion [DE-91], to which the Government responded with a motion to dismiss [DE-95]. On December 5, 2014, with the assistance of court-appointed counsel, Petitioner filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines ("U.S.S.G.") § 1B1.10(c) based on the 2014 retroactive amendments to the drug guidelines, which the court allowed and reduced Petitioner's sentence on Count One from 77 to 64 months' imprisonment. [DE-102, -104].

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the

2

complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (internal quotation marks omitted)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**B.    28 U.S.C. § 2255**

After conviction and exhaustion or waiver of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their

3

convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). Where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, No. 7:05-CR-00097-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (unpublished) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

### III. DISCUSSION

Petitioner contends that his guilty plea was involuntary because it was induced by threats made against him by Detective Rose Edmonds ("Edmonds") of the Greenville Police Department. Pet'r's Mot. [DE-91] at 4, 13-20; Pet'r's Aff. [DE-91-1]. Specifically, Petitioner alleges that after he was arrested on state drug charges in December 2006, Edmonds interviewed him at the Greenville Police Department and told him that if he did not "plead guilty, make controlled buys, and give an unprotected statement . . . she would make a referral to the local United States Attorney who would

4

do as she recommended and prosecute Petitioner for the sale of crack cocaine which could yield him possibly a life sentence with no parole." Pet'r's Mot. [DE-91] at 17; Pet'r's Aff. [DE-91-1]. Petitioner further alleges that it was subsequently discovered that Edmonds was a corrupt police officer and that although he knew Edmonds was engaged in corrupt behavior, Pet'r's Mot. [DE-91] at 17-19, he could not substantiate it until Edmonds' "misconduct came to public light," Pet'r's Resp. [DE-100] at 3. Petitioner provides no specificity regarding this alleged corrupt behavior by Edmonds; however, the Government suggests Petitioner may be referencing Edmonds' April 2013 Pitt County indictment for obtaining property by false pretense. Gov't's Resp. [DE-100] at 3; *see also Richardson v. United States*, No. 4:11-CR-110-FL-1, 2015 WL 1383607, at *5 (E.D.N.C. Mar. 25, 2015) (unpublished) (referencing a news report regarding Edmonds' dismissal from the Greenville Police Department in February of 2013 for falsifying a departmental record, lying, and gross negligence, as well as a state court indictment against Edmonds for breaking or entering, felony larceny, and obtaining property by false pretense). Petitioner generally alleges that Edmonds' "misconduct extended far beyond what she actually pleaded guilty to." Pet'r's Resp. [DE-100] at 3.

The Government contends that Petitioner's § 2255 motion should be dismissed on the grounds that (1) the court lacks jurisdiction where Petitioner did not obtain the requisite pre-filing authorization from the Fourth Circuit Court of Appeals to allow the filing of a second or successive § 2255 petition; (2) Petitioner's motion is untimely; (3) Petitioner's claim is procedurally defaulted; and (4) Petitioner's claim is barred by the waiver in his plea agreement. Gov't's Mem. [DE-96] at 3-8. In response to the Government's motion, Petitioner argues that the alleged facts upon which his present § 2255 motion is based were not known at the time Petitioner filed his first § 2255

motion and thus his present petition is neither second or successive nor untimely. Pet'r's Resp. [DE-100] at 1-5.

A.  **Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner's § 2255 motion was not filed within one year of any of the circumstances set forth in § 2255(f) and is therefore untimely.

Petitioner argues that the timeliness inquiry is irrelevant because his § 2255 motion is based on the cases of *United States v. Hairston*, 754 F.3d 258 (4th Cir. 2014) and *Scott v. United States*, 761 F. Supp. 2d 320 (E.D.N.C. 2011), which held that numerically second § 2255 motions were not second or successive for purposes of 28 U.S.C. § 2255(h). Pet'r's Resp. [DE-100] at 4-5. However, whether a § 2255 motion is untimely under §2255(f) or is second or successive under § 2255(h) are not mutually exclusive inquiries, as demonstrated by *Scott* where the court declined to dismiss the petitioner's motion as second or successive, 761 F. Supp. 2d at 325, but subsequently dismissed it as untimely, *Scott v. United States*, No. 7:98-CR-79-BO, [DE-216] (E.D.N.C. Aug. 2, 2011), *appeal*

6

*dismissed*, 463 F. App'x 227 (4th Cir. Feb. 3, 2012). *See also Jones v. United States*, 879 F. Supp. 2d 492, 496 (E.D.N.C. 2012) ("Even assuming, without deciding, that a numerically second § 2255 petition raising claims based on the vacatur of state court convictions would not be barred as second or successive, Jones' motion to vacate is untimely."), *aff'd*, 758 F.3d 579 (4th Cir. 2014). Accordingly, even if Petitioner's motion is not second or successive within the meaning of § 2255(h), the court still must consider whether the motion is timely filed under § 2255(f).

Petitioner filed his § 2255 motion on April 8, 2014, more than five years after the judgment in this case became final in September of 2008. [DE-47, -91]. Consequently, his motion is not timely under 28 U.S.C. § 2255(f)(1). Further, there is no allegation that the government impeded Petitioner's ability to timely file his § 2255 motion. *See* 28 U.S.C. § 2255(f)(2). Nor is Petitioner's motion based upon a newly recognized right made retroactively applicable by the Supreme Court. *See id.* § 2255(f)(3). To the extent Petitioner relies on § 2255(f)(4), his position lacks merit because the alleged facts regarding Edmond's threats and corruption were known to Petitioner more than one year prior to the filing of the instant § 2255 motion. Petitioner alleges Edmonds threatened him during an interview that occurred prior to his indictment in this case and was thus aware of these facts several years prior to filing the instant § 2255 motion. Pet'r's Aff. [DE-91-1] at 2. With respect to the facts regarding Edmonds' alleged corruption, Petitioner wrote a letter to the court on February 13, 2013 containing statements indicating he was aware of the corruption-related facts at that time. Feb. 13, 2013 Letter [DE-79]. Petitioner did not file the instant § 2255 motion until April 8, 2014, more than a year after he discovered the corruption-related facts he contends were necessary to substantiate his claim. Therefore, Petitioner's allegations in light of the record do not support a finding that his claim is timely under § 2255(f)(4). Finally, Petitioner has asserted no exceptional

7

circumstances justifying equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (defining "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time).

Accordingly, because Petitioner's claim was not filed within one year of any of the circumstances described in § 2255(f) and equitable tolling is inapplicable, his § 2255 motion is untimely. Having determined that Petitioner's claim is untimely, the Government's alternative grounds for dismissal need not be considered.

## IV. CONCLUSION

Based upon the foregoing, it is RECOMMENDED that the Government's motion to dismiss [DE-95] be ALLOWED and Petitioner's motion [DE-91] be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to Petitioner and counsel for the Government, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SUBMITTED, this the _15_ day of June 2015.

Robert B. Jones, Jr.
United States Magistrate Judge