IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:07-CR-142-FL
NO. 7:14-CV-69-FL

| | | |
|---|---|---|
| JERALD LOUIS WHITLEY, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence made pursuant to 28 U.S.C. § 2255, (DE 91), and the government's motion to dismiss, (DE 95), made pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R") (DE 106) wherein it is recommended petitioner's motion be denied, the government's motion be granted, and this case be dismissed. Petitioner timely filed objections to the M&R and the government's time for response has passed. In this posture, the issues raised are ripe for ruling. For the reasons stated more particularly below, the court adopts the recommendation of the magistrate judge, grants the government's motion, denies petitioner's motion, and dismisses the case.

**BACKGROUND**

On December 20, 2007, petitioner was named in an eight count indictment, which charged him with conspiracy to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846 ("Count One") and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Eight"), among other things. On April 7, 2008, petitioner pleaded guilty, with benefit of a written plea agreement, to Count One and Count Eight of the indictment.

On September 15, 2008, petitioner was sentenced to 93 months' imprisonment on Count One and 60 months' imprisonment on Count Eight, resulting in a total sentence of 153 months. The court's judgment entered the next day. Petitioner's window for appeal lapsed on September 30, 2008. Petitioner did not appeal either his conviction or sentence.

On September 8, 2009, petitioner filed a motion pursuant to 28 U.S.C. § 2255 (the "first § 2255 motion"), wherein he alleged ineffective assistance of trial counsel. On May 24, 2011, the court entered order denying petitioner's first § 2255 motion. Judgment entered same day. Petitioner did not appeal the court's order.

Petitioner filed the instant motion on April 8, 2014. Therein, he argues that his 2008 guilty plea was involuntary because it was induced by threats made against him by former Greenville Police Department Detective Rose Edmonds ("Edmonds"). In particular, petitioner contends Edmonds told him to plead guilty, and warned that if he did not "plead guilty, make controlled buys, and give an unprotected statement . . . she would make a referral to the local United States Attorney who would do as she recommended and prosecute [p]etitioner for the sale of crack cocaine which could yield him possibly a life sentence with no parole." (Pet.'s Motion, DE 91, 17; Pet.'s Aff., DE 91-1). In addition, petitioner argues Edmonds was a corrupt police officer and suggests that this

2

allegation is substantiated by Edmonds April 2013, conviction for obtaining property by false pretenses.

In support of its motion to dismiss, the government argues that the court lacks jurisdiction over this case, where this is a second or successive § 2255 motion and petitioner failed to obtain the necessary pre-filing authorization from the court of appeals. In addition, the government contends petitioner's motion should be dismissed because it is untimely filed, barred by the waivers contained in his plea agreement, or, in any event, because petitioner has procedurally defaulted on all the claims now raised. In response to the government's motion to dismiss, petitioner argues that the material facts supporting the instant motion were not known to him at the time he filed the first § 2255 motion and, thus, this motion is not barred by either the statute of limitations or the prohibition against second or successive petitioners.

M&R entered on June 15, 2015. The M&R recommends dismissing petitioner's § 2255 motion on statute of limitations grounds. In particular, the M&R points out that the facts supporting petitioner's voluntariness argument were, at least, known to him on February 13, 2013, when petitioner filed with the court a motion to appoint counsel. In that motion, petitioner indicated that he had information "concern[ing] [his] arresting officer Rose Edmonds that was recently fired from the Greenville Police Department." (DE 79). The M&R concluded that, because petitioner did not file the instant motion until April 8, 2104, more than one year after he filed the motion asserting his knowledge of Edmonds's misconduct, it was filed more than one year from "the date on which the facts supporting the claim . . . presented could have been discovered through the exercise of due diligence," and recommends dismissal under the statute of limitations. Petitioner's objections followed.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a

4

claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

Petitioner objects to the M&R's recommendation that the court dismiss his motion on statute-of-limitations grounds. Section 2255 provides for a one-year limitations period. 28 U.S.C. § 2255(f). That period is measured from the latest of four separate occurrences, which include:

1)   the date on which the judgment of conviction becomes final;

2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

5

Id. This case concerns only the fourth occurrence, discovery of new facts. Petitioner's objections do not, and in light of the facts of the case, could not suggest the applicability of the remaining three occurrences.

Petitioner's motion attacks the voluntariness of his 2008 guilty plea. In support of his motion, petitioner argues that Edmonds threatened him immediately following his December 2006, arrest, and that those threats impacted his decision to plead guilty. (Pet.'s Aff., 1). The details Edmonds's alleged threats were known to petitioner at the time of arraignment in 2008. Because petitioner knew the facts supporting his motion in 2008, the statute of limitations ran, at the latest, some time in 2009. Accordingly, petitioner's § 2255 motion must be dismissed as untimely.

Nevertheless, petitioner suggests his motion was timely in light of Edmonds's 2013 conviction for obtaining property by false pretenses. Petitioner argues that, prior to that conviction, he had insufficient evidence to file the instant motion. However, even assuming petitioner lacked evidence of Edmonds's alleged corruption, neither Edmonds's conviction nor her alleged pattern of misconduct affects the timeliness of petitioner's motion challenging the voluntariness of his guilty plea. To set aside a plea as involuntary, a defendant who was fully aware of the direct consequences of the plea must show 1) egregious misconduct prior to the entry of his plea and 2) that the misconduct "influenced his decision to plead guilty or, put another way, that it was material to that choice." United States v. Fisher, 711 F.3d 460, 465 (4th Cir. 2013). In this case, any misconduct occurring after petitioner's guilty plea was not material to petitioner's decision to plead guilty and, thus, is not "fact[] supporting the claim . . . presented." 28 U.S.C. § 2255(f)(4). Moreover, to the extent any misconduct, outside of the threats allegedly communicated to petitioner

6

in 2006, occurred prior to and allegedly influenced petitioner's guilty plea, claims resting on those facts are time barred. See id.

In any event, petitioner also contends that § 2255(f)'s one year limitations period should be equitably tolled on the facts of this case. Section 2255(f) is subject to equitable tolling in rare case. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. Petitioner contends that "extraordinary circumstances" exist here, where he did not have a basis to claim Edmonds's corruption until after her 2013 guilty plea. Again, petitioner's argument is without merit. Petitioner challenges the voluntariness of his 2008 guilty plea, which, he contends, he entered into only because of Edmonds's threats. Any misconduct occurring after petitioner's plea is not relevant to the accrual of the limitations period and, thus, cannot serve as the basis for tolling. See Fisher, 711 F.3d at 465 (holding petitioner must show misconduct was material to decision to plead guilty); see also 28 U.S.C. § 2255(f). In addition, to the extent any relevant misconduct occurred prior to petitioner's guilty plea, petitioner has failed to allege any circumstances that prevented him from complying with the relevant statute of limitations for more than five years prior to the filing of the instant motion.

C.    Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Based on the foregoing, upon de novo review of those portions of the M&R to which specific objections were made, and upon considered review of the remainder thereof, the court ADOPTS the recommendation of the magistrate judge, (DE 106), for the reasons set forth herein. The government's motion to dismiss, (DE 95), is GRANTED, and petitioner's motion to vacate, (DE 91), is DENIED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

8

SO ORDERED, this the 19th day of November, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

9