IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:07-CR-142-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JERALD WHITLEY, | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to terminate supervised release pursuant to 18 U.S.C. § 3583(e)(1) (DE 158), defendant's motion to dismiss the supervised release violation alleged for lack of probable cause pursuant to Federal Rule of Criminal Procedure 32.1(b) (DE 159), and defendant's motion for jury trial on his alleged supervised release violation pursuant to the Sixth Amendment to the United States Constitution (DE 161). Having considered the foregoing motions, the court orders as follows.

**BACKGROUND**

On September 15, 2008, defendant was convicted of conspiracy to distribute 500 grams of cocaine, in violation of 21 U.S.C. 846 ("count one"), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) ("count eight"). Following entry of amended judgment on August 5, 2013, defendant was sentenced to 77 months imprisonment on count one, 60 months imprisonment on count eight consecutive to count one, and a five year term of supervised release on both counts one and eight, to be served concurrently.

Defendant's sentence on count one was again reduced on December 8, 2014, from 77 months to 64 months.

Defendant completed his term of imprisonment and began his term of supervised release on June 7, 2016. On January 7, 2019, the United States Probation Office filed its first motion for revocation of supervised release, explaining that on January 1, 2019, defendant committed the offenses of Driving While Impaired, Possession of Marijuana up to ½ ounce, Possession of Marijuana Paraphernalia, and Possession of a Schedule II Controlled Substance (Cocaine), as well failed to report those charges. The probation office amended its motion to include using a controlled substance following a positive drug test for cocaine and marijuana submitted by defendant on February 20, 2019. After hearing evidence presented at revocation hearing on April 9, 2019, the court found that defendant committed each of the alleged supervised release violations, and it issued revocation judgment ordering "the supervised release term heretofore granted be revoked. It is further ordered that the defendant be placed on supervised release for a period of 4 years" with conditions originally imposed plus an additional condition of completing a drug recovery program.

On February 14, 2020, the probation office filed another motion for revocation of supervised release, alleging that on February 3, 2020, defendant committed the offenses of Felony Possession With Intent to Sell and Deliver Marijuana, Felony Maintaining a Vehicle/Dwelling/Place for Controlled Substances, Felony Possession of Cocaine (20CR50728), Misdemeanor Possession of Marijuana Paraphernalia, Misdemeanor Possession of Drug Paraphernalia, and Misdemeanor Child Abuse (20CR50729) in Pitt County, North Carolina. Defendant was arrested April 15, 2020.

After granting several continuances requested by defendant, preliminary and detention hearing was held May 7, 2020. After considering the parties' evidence, the magistrate judge found probable cause supported the charges against defendant and ordered defendant detained pending revocation hearing. Defendant appealed the magistrate judge's order on May 14, 2020, which was denied by this court on May 22, 2020.

Shortly thereafter, defendant filed the instant motions on June 5, 2020. Revocation hearing in the instant matter is set for June 19, 2020.

## COURT'S DISCUSSION

A.   Defendant's Motion to Terminate (DE 158) and Motion to Dismiss (DE 159)

Ordinarily, when a party files a motion, "[r]esponses and accompanying documents shall be filed within 14 days after service of the motion in question unless otherwise ordered by the court or prescribed by the applicable Federal Rules of Procedure." E.D.N.C. Local Criminal Rule 47.1(c). Having considered the contents of the foregoing motions, the court concludes that written response from the government prior to revocation hearing would promote efficiencies at hearing.

B.   Defendant's Motion for Jury Trial

"[A] defendant in a postconviction revocation proceeding does not have a constitutional right to trial by jury under the standard of beyond a reasonable doubt." United States v. Ward, 770 F.3d 1090, 1099 (4th Cir. 2014); see 18 U.S.C. § 3583(e); Johnson v. United States, 529 U.S. 694, 700 (2000) (explaining that violation of the terms of supervised release in a revocation proceeding "need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt").

Defendant cites the plurality opinion in United States v. Haymond for the proposition that "any increase in a defendant's authorized punishment contingent on the finding of a fact requires

a jury and proof beyond a reasonable doubt no matter what the government chooses to call the exercise." 139 S. Ct. 2369, 2379 (2019) (plurality opinion).  However, a majority of justices in the Haymond case expressly disavowed that such constitutional guarantee applies to revocation proceedings.  See id. at 2385 (Breyer, J., concurring in the judgment); Id. at 2395–99 (Alito, J., dissenting); see also United States v. Mooney, 776 F. App'x 171, 171 n.* (4th Cir. 2019) ("[W]e conclude that Haymond had no impact on [defendant's] run-of-the-mill revocation sentence imposed under 18 U.S.C. § 3583(e)(3) (2012).").  Accordingly, defendant's motion for jury trial must be denied.

## CONCLUSION

Based on the foregoing, it is ORDERED that the government file its response to defendant's motion to terminate supervised release (DE 158) and motion to dismiss (DE 159) not later than June 17, 2020, at 12:00 p.m.  Defendant's motion for jury trial (DE 161) is DENIED.

SO ORDERED, this the 9th day of June, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge