IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-142-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JERALD WHITLEY, | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to terminate supervised release pursuant to 18 U.S.C. § 3583(e)(1). (DE 158). At the direction of the court, the government filed response in opposition to the motion. With leave of court, defendant replied. The court memorializes herein its reasons why it denied defendant's motion from the bench at final revocation hearing held in New Bern on August 17, 2020.

## BACKGROUND

On December 20, 2017, defendant was indicted for six counts of drug distribution-related offenses, one count of felon in possession of a firearm, and one count of possession of a firearm in furtherance of a drug trafficking crime. With benefit of a plea agreement, defendant pleaded guilty to two counts—drug conspiracy and firearm in furtherance of a drug trafficking offense. On September 15, 2008, defendant was sentenced to a term of 153 months imprisonment, followed by a five-year term of supervised release. Defendant's term of imprisonment was reduced on August 15, 2013, and again on December 8, 2014. Defendant began his term of supervised release on June 7, 2016.

In January 2019, a motion for revocation of supervised release was filed. The motion was based on new criminal conduct, including possession of cocaine. Defendant was arrested on January 22, 2019, and released on January 29, 2019, pending his revocation hearing. Defendant's revocation hearing was held on April 9, 2019. The government did not request a term of imprisonment. (Transcript of First Revocation Hearing ("Tr.") 9:19–25). After hearing from both parties, the court ordered as follows: "I'm going to revoke your supervised release. I'll put you back on four years, subject to the original conditions and the additional condition that you participate in and successfully complete the STAR Program. You're getting a break. Don't squander it." (Tr. 10:11–16).

On February 19, 2020, a second motion for revocation was filed by the probation office. The second revocation motion alleges that, on February 3, 2020, defendant committed the offenses of felony possession with intent to sell and deliver marijuana, felony maintaining a vehicle/dwelling/place for controlled substances, felony possession of cocaine (20CR50728), misdemeanor possession of marijuana paraphernalia, misdemeanor possession of drug paraphernalia, and misdemeanor child abuse (20CR50729) in Pitt County, North Carolina. Defendant filed the instant motion to terminate supervised release on June 5, 2020, arguing that the court lacks authority to impose a "further" term of supervised release following a revocation.

## COURT'S DISCUSSION

Under appropriate conditions, federal law empowers a court to alter a term of supervised release in the following ways: 1) terminating supervised release and discharging defendant, 2) extending a term of supervised release or modifying the conditions of supervised release, 3) revoking a term of supervised release and requiring defendant to serve in prison all or part of the

supervised release term, or 4) ordering the defendant to remain at his place of residence during nonworking hours.  18 U.S.C. § 3583(e).  "Supervised release, in contrast to probation, is not a punishment in lieu of incarceration."  United States v. Granderson, 511 U.S. 39, 50–51 (1994).  Rather, supervised release is intended "to encourage rehabilitation after the completion of his prison term."  United States v. Haymond, 139 S. Ct. 2369, 2382 (2019) (emphasis omitted).  As used in § 3583(e)(3), the term "revoke" means to "recall or "to call or summon back."  Johnson v. United States, 529 U.S. 694, 706 (2000); United States v. Winfield, 665 F.3d 107, 110 (4th Cir. 2012).  Thus, "a 'revoked' term of supervised release survives to be served in prison."  Johnson, 529 U.S. at 707.  "[R]evocation does not end the term of supervised release; instead, the term of supervised release continues on past revocation."  United States v. Harris, 878 F.3d 111, 115–16 (4th Cir. 2017).

At defendant's first revocation hearing, defendant pleaded no contest to and stipulated to several violations of the terms of supervised release.  (Tr. 2:2–3:24).  The court accordingly found defendant violated the terms of supervised release.  (See Tr. 10:2–3).  The court ordered that defendant's supervised release be "revoked" and "put [defendant] back on" a supervised release term of four years with conditions.  (Tr. 10:11–16).

Based on the foregoing binding authorities, the relief granted by the court in its first revocation judgment was actually an extension of defendant's term of supervised release by four years with a modification of conditions pursuant to § 3583(e)(2), not a "revocation" of a term of supervised release under § 3583(e)(3).  Although the court used the term "revocation" to describe its sentence, a "revocation" under § 3583(e)(3) contemplates a defendant serve all or part of his

3

term of supervised release in prison.  Without an order of imprisonment,[1] no "revocation" has occurred; the legal effect of the court's judgment is that defendant remain on supervised release for an extended term with modified conditions.

Defendant argues that the court is without authority to impose an "additional" term of supervised release when the court "revokes" a term of supervised release but does not impose a term of imprisonment.  Defendant's argument is unpersuasive, because "revocation does not end the term of supervised release; instead, the term of supervised release continues on past revocation."  Harris, 878 F.3d at 115–16.  Defendant's original term of supervise release of five years was never ended.  Instead, the court extended defendant's supervised release by an additional four years from the date of revocation, together with original and additional conditions.

Furthermore, defendant's reliance upon § 3583(h) does not avail him.  The provision reads: "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment."  18 U.S.C. § 3583(h).  In the early 1990s, several circuit courts held that, under § 3583(e)(3), a court lacked authority to impose supervised release after ordering defendant's supervised release be "revoked" and defendant reincarcerated.  See, e.g., United States v. Cooper, 962 F.2d 339, 340 (4th Cir. 1992); United States v. Holmes, 954 F.2d 270 (5th Cir.1992); United States v. Behnezhad, 907 F.2d 896 (9th Cir.1990).  But see United States v. Boling, 947 F.2d 1461 (10th Cir. 1991).  In the immediate aftermath of these decisions, Congress enacted § 3583(h) to prospectively overturn this purported limit on the court's power.

---

[1] The court rejects the government's argument that the court committed a clerical error by not ordering a term of imprisonment for time served.  See Fed. R. Crim. P. 36.  Such an error is not clerical.  See, e.g., United States v. Burd, 86 F.3d 285, 288 (2d Cir. 1996); United States v. Daddino, 5 F.3d 262, 264–65 (7th Cir. 1993) (collecting cases); United States v. Cook, 890 F.2d 672, 674 (4th Cir. 1989).

4

See Violent Crime Control and Law Enforcement Act, Pub. L. No. 103-322, § 110505, 108 Stat. 2017 (1994). Several years later, the Supreme Court abrogated the majority of circuits' precedents by holding that, "in applying the law as before the enactment of subsection (h), district courts have the authority to order terms of supervised release following reimprisonment." Johnson, 529 U.S. at 713. Although Johnson does not speak to the precise issue in the instant matter, it and the conjunctive language of § 3583(h) make clear that revocation and reimprisonment are part and parcel with each other; although described as a "revocation," the court's judgment merely granted relief under § 3583(e)(2).

Accordingly, defendant's legal argument that the court may not revoke his supervised release and imprison him for the violations established by a preponderance of the evidence by the government at final revocation hearing fails.[2]

## CONCLUSION

Based on the foregoing, defendant's motion to terminate supervised release (DE 158) is DENIED.

SO ORDERED, this the 18th day of August, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] At final revocation hearing, and upon considering the evidence proffered by the parties, the court denied defendant's motion to dismiss for want of probable cause (DE 159). The court granted the government's motion to revoke defendant's supervised release (DE 137).